**T. J. STEVENSON & CO., INC., a corporation, Plaintiff,**

v.

**81,193 BAGS OF WHEAT FLOUR MARKED "MININ–DUSTRIA ARICA, CHILE EN TRANSITO A LA PAZ, BOLIVIA, NOS. 1/UP", Defendant.**

**ADM MILLING CO., INC., a corporation, Claimant and Counter-Claimant,**

v.

**T. J. STEVENSON & CO., INC., a corporation, in personam, M/V NEDON, her engines, tackle, apparel, etc., in rem, and the Republic of Bolivia, Ministry of Industry, Commerce and Tourism, in personam, Plaintiff and Additional Defendants on Counterclaim.**

Civ. A. No. 74–501–T.

United States District Court, S. D. Alabama, S. D.

May 21, 1975.

George F. Wood and Sidney H. Schell, Mobile, Ala., for plaintiff.

Alex T. Howard, Jr., Mobile, Ala., William R. Joyce, Jr., Washington, D.C., for Republic of Bolivia, Ministry of Industry, Commerce & Tourism.

Rae M. Crowe and Geoffrey V. Parker, Mobile, Ala., Peter D. Trooboff, Washington, D.C., for ADM Milling, claimant and counter-claimant.

Alex F. Lankford, III, and A. Clay Rankin, III, Mobile, Ala., for Nedon Navigation Co., Lt., intervenor.

## ORDER

DANIEL HOLCOMBE THOMAS, District Judge.

The above-styled cause was heard on February 13, 1975, and again on May 16, 1975, on a motion to dismiss filed on January 13, 1975, by the Ministry of Industry, Commerce and Tourism of the Republic of Bolivia (Bolivia). Bolivia is an additional defendant on the counterclaim of ADM Milling Co., Inc. (ADM), and it is that counterclaim to which Bolivia's motion is directed. Bolivia asserts sovereign immunity and lack of personal jurisdiction as alternate bases for its motion to dismiss. As the Court is of the opinion that ADM's counterclaim against Bolivia should be dismissed for lack of personal jurisdiction the Court does not reach, nor address itself to, the issue of sovereign immunity.

ADM's counterclaim is an *in personam* action against Bolivia arising out of a contract entered into on April 11, 1974, for the purchase and sale of approximately 30,000 metric tons of wheat flour. The contract provided for delivery by ADM to be made FAS Mobile, Alabama. Also, in April 1974, Bolivia entered into a booking contract with T. J. Stevenson & Co., Inc., the original plaintiff in this action, wherein Stevenson agreed to receive the flour in Mobile and transport it to Bolivia on vessels owned or operated by Stevenson.

Over a period of about five months from May to October, 1974, the flour was delivered by rail to the Alabama State Docks in Mobile. At various times, the flour was collected and stored in a warehouse in Mobile. Also during this period, eight liftings or loadings of various vessels owned or operated by Stevenson were consummated. On October 15, 1974, loading of the MV NEDON with the flour was commenced. During the two days of loading, it was discovered that the shipment of flour was infested with weevils, and Stevenson so notified both Bolivia and ADM. Thereafter, Bolivia notified Stevenson that it was rejecting the shipment and would not accept it or allow its discharge. It is as a result of this infestation and Bolivia's rejection of the flour that the present action arises. ADM's counterclaim seeks damages against Bolivia for wrongful

rejection of the cargo and for failure to sign or legalize certain commercial and consular invoices so that ADM could receive payment for the flour under its letter of credit as provided for in the original sales contract.

ADM is a corporation incorporated under the laws of Minnesota. Bolivia is not an inhabitant of this District and cannot be found herein, and the Ministry of Industry, Commerce and Tourism has no office or place of business anywhere in the United States of America. The contract between ADM and Bolivia was not negotiated or entered into in Alabama, and the contract inself contains no provisions implying an intention on the part of either party to subject itself to the laws of Alabama. Furthermore, the letters of credit were to be presented for payment at a New York Bank. Although a part of the contract, the selection of Mobile as the place of delivery was made by ADM and not by Bolivia.

St. John International, Inc., of Washington, D.C., did much of the actual making of arrangements with Stevenson for Bolivia. On one occasion in August 1974, Dr. Juan Loria, Chargé d'affaires for the Bolivian Embassy, and Mr. Noel McHugh of St. Johns International came to Mobile to inspect the vessel SOUTH-WALL. On a previous voyage to Bolivia, some piping in the vessel had failed causing some of the cargo to get wet, and Dr. Loria and Mr. McHugh were checking to see that adequate repairs had been made to the vessel. Subsequent to the rejection of the NEDON's cargo by Bolivia, the U.S. Department of Agriculture inspected and surveyed the cargo at the request of Bolivia and was paid by Bolivia for this service.

The Court does not feel that the above contacts by Bolivia with the State of Alabama are sufficient to create in personam jurisdiction in this Court over Bolivia pursuant to the Alabama long-arm statutes, Title 7, §§ 193 & 199(1) and in keeping with the constitutional requirements of due process. *International Shoe Co. v. State of Washington*, 326 U.

S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Buckley v. New York Times Corp.*, 338 F.2d 470 (5th Cir. 1964); *Benjamin v. Western Boat Building Corp.*, 472 F.2d 723 (5th Cir. 1973). Furthermore, this Court does not feel that this conclusion is in conflict with the Fifth Circuit Court of Appeals' decision in *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483 (5th Cir. 1974), since under the facts of that case, unlike here, the forum state was the place of the contract.

Therefore, the Court having duly considered all the pleadings on file and the arguments of counsel, it is hereby ordered, adjudged and decreed that Bolivia's motion to dismiss the counterclaim of ADM against Bolivia for lack of *in personam* jurisdiction is granted.